# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Floe International, Inc.; and Wayne G. Floe, | Civil No. 04-5120 (DWF/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Newmans' Manufacturing Incorporated, | |
| Defendant, | |
| and | |
| Newmans' Manufacturing Incorporated, | |
| Counter-Claimant, | |
| v. | |
| Floe International, Inc.; and Wayne G. Floe, | |
| Counter-Defendants. | |

Chad Drown, Esq., David J.F. Gross, Esq., James W. Poradek, Esq., Lee M. Pulju, Esq., and Timothy E. Grimsrud, Esq., Faegre & Benson LLP, counsel for Plaintiffs and Counter-Defendants.

Douglas J. Frederick, Esq., and Max C. Ramsey, Esq., Rider Bennett LLP, counsel for Defendant and Counter-Claimant.

## Introduction

The above-entitled matter came before the undersigned United States District Judge on November 18, 2005, pursuant to a Motion for Summary Judgment brought by Defendant Newmans' Manufacturing Incorporated ("Newmans"). In its Complaint, Plaintiffs Floe

International, Inc. ("Floe"), and Wayne G. Floe assert that Newmans made and sold snowmobile trailers that infringe United States Patent No. 5,738,379 (the "'379 Patent"), a patent issued to Wayne Floe. For the reasons set forth below, Newmans' Motion for Summary Judgment is denied.

## Background

Floe and Newmans, both Minnesota corporations, are direct competitors in the snowmobile trailer market. The '379 Patent describes a trailer frame member specially adapted for hauling snowmobiles. Floe contends that Newmans' SLED BED™ trailers infringe the '379 Patent. Newmans has counterclaimed for a declaratory judgment that the '379 Patent is invalid.

In its Motion for Summary Judgment, Newmans asserts that Claims 1, 6, and 11 of the '379 Patent are invalid as anticipated by prior art and invalid as obvious, and that the '379 Patent is invalid pursuant to the on-sale bar of 35 U.S.C. § 102(b). Alternatively, Newmans contends that Floe's pre-filing damages are barred by the doctrine of laches.

## Discussion

**I.   Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and

inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

## II. Anticipation and Obviousness

As a preliminary matter, Floe asserts that Newmans' challenges of anticipation and obviousness are premature, considering the procedural status of the case. The Court agrees. Claim construction has yet to occur on the '379 Patent.[1] In support of its anticipation arguments, Newmans has cited various prior art references and attorney argument, without providing evidentiary support as to why these prior art references anticipate the '379 Patent. Moreover, Newmans has not provided the Court with evidence to support its claims of obviousness, but rather attempts to support its allegations with additional attorney argument. In the absence of any evidentiary support for Newmans' claims, and because claim construction has yet to occur, the Court finds Newmans' motion insufficient and untimely in this regard.

---

[1] Newmans has asked the Court to accept Floe's claim construction for the sole purpose of determining the anticipation and obviousness issues. Thus, Newmans has stated that for the purposes of the motion, it is willing to assume infringement of Floe's patents. However, it would be inappropriate (and premature) for the Court to assume claim construction for purposes of determining invalidity, when such claim construction could still be at issue for purposes of determining infringement later in the litigation.

3

**III.     Offer for Sale**

Pursuant to 35 U.S.C. § 102(b), a patent is invalid if "the invention was . . . in public use or sale in this country, more than one year prior to the date of the application for patent in the United States." Newmans asserts that the accused device was on sale more than one year prior to the application of the '379 Patent, thus invalidating the '379 Patent. The parties agree that the critical date at issue here is September 10, 1991.

Determining whether the patent is invalid under § 102(b) requires a determination as to whether, more than one year before the application for U.S. patent, the invention was both ready for patenting and the subject of a commercial offer for sale. *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 67 (1998), 35 U.S.C. § 102(b). An invention is considered "ready for patenting" if there is proof of a reduction to practice before the critical date, or "proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." *Pfaff*, 525 U.S. at 67–68. An invention has been "offered for sale" pursuant to § 102(b) if there has been an "offer which rises to the level of a commercial offer for sale, one which the other party could make into a binding contract by simple acceptance (assuming consideration) . . . ." *Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001). The issue of whether a patent claim is invalid under § 102(b) is a question of law based on underlying questions of fact. *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1257 (Fed. Cir. 2001). The party challenging the patent's validity bears the burden of proving, by clear and convincing evidence, that "there was a definite sale or offer to sell more than one year before the application for the subject patent, and that the subject matter of the sale or offer to sell fully anticipated the claimed invention." *Group One*, 254 F.3d at 1045–46 (citations omitted).

Floe asserts that Newmans has not provided clear and convincing evidence of an offer for sale that invalidates the '379 Patent. The Court agrees. Newmans has set forth declarations of Doug Newman, Joel Newman, and Roger Berger in support of their position that the trailers were offered for sale before September 10, 1991, and contained all of the claimed limitations. However, this testimony alone is insufficient to provide invalidity of the '379 Patent. *See, e.g., TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1159 (Fed. Cir. 2004) (citation omitted) ("[C]orroboration is required of any witness whose testimony alone is asserted to invalidate a patent."). Moreover, the testimony is conclusory and does not compare the trailers to the claims at issue in the '379 Patent. As such, these declarations are insufficient, as a matter of law, to invalidate the '379 Patent.

Moreover, the documents and invoice set forth by Newmans are insufficient to demonstrate invalidity pursuant to § 102(b). First, Newmans has offered a portion of a Vehicle Identification Number Assignment Log (the "VIN Log") that shows all of its transactions that occurred between June 5, 1991, and October 2, 1991. The VIN Log shows that a trailer was shipped to Chopper City Sports on September 11, 1991. However, the VIN Log does not show an offer for sale prior to September 10, 1991, and it is dated after the critical date. The VIN Log does not demonstrate when an *offer* was made, or what precisely was offered for sale. Newmans has provided no sales invoice in conjunction with this VIN Log. The VIN Log could be referring to a trailer that was offered for sale and sold on the same day, but it is unclear to the Court when an offer for sale was made. Second, Newmans sets forth Invoice 11865, dated August 7, 1991, as evidence of its offer to sell trailers prior to September 10, 1991. Newmans asserts that a steel trailer, having the accused feature, was brought to Hay Days in 1991 and that this event usually takes place the first weekend after Labor Day. There is no indication, however, as to whether the

trailer of Invoice 11865 was an aluminum or steel trailer.[2]  In addition, a note reading "painted 8x10 ft trailer for Show not order" was crossed off this invoice—without explanation.  As a result, it is unclear from this invoice whether a trailer bearing the rear cross member of the '379 Patent was shown at Hay Days or offered for sale prior to September 10, 1991.  Third, Newmans asserts that a private investigator located a 1991 model Newmans' Sled Bed owned by a private party that contained the rear cross member of the '379 Patent.  However, Newmans has not provided the Court with evidence as to when this trailer was offered for sale, or when it was actually sold.  Because Newmans has not construed the claims of the '379 Patent, or demonstrated that its trailer allegedly sold in 1991 contained all of the elements of Claims 1, 6, and 11 of the '379 Patent, Newmans has not set forth clear and convincing evidence to demonstrate an offer for sale prior to the critical date.  Thus, Newmans' motion for summary judgment is denied in this respect.

**IV.    Laches**

Alternatively, Newmans asserts that Floe's pre-filing damages are barred by the doctrine of laches because Floe waited more than six years to file suit against Newmans.  Floe, on the other hand, contends that it promptly notified Newmans of infringement shortly after learning of it and then entered into a period of settlement discussion to try to resolve the matter.  Thus, Floe asserts that its delay was reasonable and should not be penalized.  Further, Floe asserts that Newmans was not prejudiced as a result of any delay in the litigation.

The doctrine of laches "bars the recovery of damages for any patent infringement occurring prior to the filing of the lawsuit when a patent owner sits on his rights for an unreasonable time to the prejudice of an accused infringer."  *Adelberg Labs., Inc. v. Miles, Inc.*,

---

[2]    Joel Newman admitted in his declaration and confirmed at his deposition that only the steel, not aluminum, trailers sold by Newmans in 1991 included the accused feature.

921 F.2d 1267, 1270 (Fed. Cir. 1990). Whether to apply the doctrine of laches is committed to the discretion of the district court. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (en banc). The accused infringer must prove that: (1) the patentee delayed filing suit for an unreasonable and inexcusable length of time from when it knew or reasonably should have known of its claim; and (2) the delay operated to the material prejudice of the accused infringer. *Id.* at 1032–33. Material prejudice includes "economic prejudice" and "evidentiary prejudice." *Id*. at 1033. Evidentiary prejudice "may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *Id*. (citations omitted). "Economic prejudice may arise where a defendant . . . will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit." *Id*. (citations omitted). However, demonstrating damages resulting from a finding of liability is not enough, or "[e]conomic prejudice would then arise in every suit." *Id*. A rebuttable presumption of economic and material prejudice arises if the accused infringer establishes that the patentee delayed filing suit for over six years after receiving notice of the infringing activity. *Id*. at 1034–36. The patentee may rebut the presumption by coming forward with evidence that raises a genuine issue of fact as to either reasonableness or material prejudice. *Id*. at 1038. Then, the "facts of unreasonable delay and prejudice . . . must be proved and judged on the totality of the evidence presented." *Id*.

Here, Floe commenced suit on December 30, 2004. Floe acknowledges that it was aware of the accused infringement no later than December 16, 1998. In fact, Floe's patent attorney sent a letter to Newmans, dated December 30, 1998, putting Newmans on notice of the '379 Patent and demanding that Newmans discontinue the manufacture, sale, use, or offer for sale of any

7

infringing products. Because the suit was commenced more than six years after Floe became aware of the infringement, the presumption of laches initially appears to apply.

Floe contends that it acted reasonably in delaying the filing of this lawsuit. Floe asserts that much of the delay was Newmans' fault, and that Floe relied on Newmans' defense of having sold devices with the claimed structure as early as August 7, 1991. In addition, Floe maintains that Newmans suffered no material prejudice as a result of the delay, as Newmans admitted that what was provided in 1998 is all of the evidence they have found, and admitted that Newmans would not have changed the design of its trailer had Floe brought the lawsuit at the time when Floe first learned of the alleged infringement.

The Court finds that the equities do not support recognizing the defense of laches in this case. First, Floe has set forth evidence to support its assertion that its delay in bringing the lawsuit was reasonable. Newmans' assertions of invalidity were based upon the incorrect opinion Newmans obtained from its patent counsel which stated that Claims 1, 6, and 11 of the '379 Patent were invalid because Newmans sold a trailer with the accused feature before the critical date. Although the Court need not reach the issue as to whether Newmans willfully infringed or intended to deceive Floe by imparting incorrect information to its patent counsel, the Court finds that a determination that Newmans did not act in good faith in its claims of invalidity could justify Floe's delay in bringing suit. Moreover, considering the totality of the circumstances, the evidence supports Floe's contentions that it acted reasonably by notifying Newmans of its claims of infringement soon after they were known and ultimately resorting to litigation after negotiations broke down between the parties.

In addition, Floe has successfully rebutted the presumption of laches by establishing that Newmans did not suffer any material prejudice as a result of Floe's delay in bringing suit.

Newmans has not pointed to any evidence that was lost as a result of the delay. Further, there is no indication that Newmans suffered any economic prejudice as a result of the delay in bringing suit. Admittedly, Newmans would not have changed its course of business had Floe brought suit in 1998. For these reasons, Newmans' Motion for Summary Judgment on the issue of laches is denied.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion for Summary Judgment (Doc. No. 22) is **DENIED.**

Dated: January 3, 2006            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court