UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

FLOE International Inc.; and
Wayne G. Floe,

        Plaintiffs,

vs.　　　　　　　　　　　　　　　　　　　ORDER

Newmans' Manufacturing Inc.,

        Defendant.　　　　　　Civ. No. 04-5120 (DWF/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the cross-Motions of the parties to Exclude Expert Opinions. A Hearing on the Motions was conducted on December 15, 2005, at which time, the Plaintiffs appeared by Timothy E. Grimsrud, Esq., and the Defendant Newmans' Manufacturing Inc. ("Newmans'") appeared by Douglas J. Frederick, Esq.

For reasons which follow, the Plaintiffs' Motion to Exclude the Defendant's Expert Opinion on Invalidity is granted, and Newmans' Motion to Exclude the Plaintiffs' Expert Opinion is denied.

II. <u>Factual and Procedural Background</u>

This matter concerns patent infringement claims made by the Plaintiffs, who allege that Newmans' has infringed United States Patent No. 5,738,379 ("the '379 patent"), which is held by the Plaintiff FLOE International, Inc. ("FLOE").

In our Pretrial Order of April 8, 2005, we set a deadline of June 15, 2005, for the Plaintiffs' submission of their Claims Chart. <u>Pretrial Order</u>, <u>Docket No. 14</u>, at ¶11. We further determined, on August 24, 2005, that the parties' initial expert reports were due on October 1, 2005; that the parties' rebuttal expert reports were due on November 1, 2005; and that all expert depositions had to be completed by November 15, 2005. <u>Order</u>, <u>Docket No. 20</u>, at 6-7.

On October 3, 2005, Newmans filed its first Motion for Summary Judgment. <u>Docket No. 22</u>. In support of its Motion, Newmans included, for the first time, references to United States Patent No. 2,232,841 ("the Foster reference"), which was issued to inventor James Madison Foster. Newmans' subsequently filed a Motion to Amend its Prior Art Statement to include the Foster reference, which we denied, on November 9, 2005, as being untimely. See, <u>Order</u>, <u>Docket No. 60</u>. On November 16, 2005, pursuant to Rule 72, Federal Rules of Civil Procedure, Newmans' filed an Objection to that Order. <u>Objection</u>, <u>Docket No. 64</u>. On February 3, 2006, the District

Court, the Honorable Donovan W. Frank presiding, adopted our Order, which excluded the Foster reference. See, Docket No. 91. In support of its Motion for Summary Judgment, Newmans' had argued that the Foster reference anticipates, and invalidates, the '379 patent at issue. See, Newmans' Memorandum in Support of Summary Judgment, Docket No. 24, at 12-18. Newmans' also advised, in that filing, that, "[b]ecause the subject matter of the '379 patent can be easily understood, it is Newmans's position that there is no need for expert testimony in regard to the anticipation analysis." Id. at 10.

As contemplated by our Order, on October 3, 2005, the parties exchanged initial expert reports.[1] Among those reports, FLOE included the report of Dr. William K. Durfee ("Durfee"), which addressed his expert opinion on infringement. See, Expert Report of Dr. William K. Durfee on Infringement, Declaration of Douglas J. Frederick ("Frederick Dec."), Docket No. 77, Att. No. 3, Ex. C.

On November 1, 2005, the parties disclosed rebuttal expert witnesses and reports. Included in the Plaintiffs' disclosures was a "rebuttal" expert report, which had been prepared by Durfee, and which was filed in opposition to the Defendant's

---

[1] Since October 1, 2005, was a Saturday, the reports were not actually due until the following Monday, October 3, 2005.

Motion for Summary Judgment. See, <u>Declaration of Dr. William K. Durfee in Opposition to Defendants' Motion for Summary Judgment</u>, <u>Docket No. 48</u>. Durfee's expert opinion was directed toward negating Newmans' argument, that the '379 patent was invalidated on anticipation and obviousness grounds. <u>Id.</u> at ¶1. The Foster reference, and other cited prior art, was discussed in Durfee's expert opinion report. <u>Id.</u> at ¶¶9-24.

On November 4, 2005, Newmans' filed an expert report by Dr. Donald L. Creighton ("Creighton"), which purported to supplement Creighton's earlier expert report, which was filed on November 1, 2005. See, <u>Declaration of Dr. Donald L. Creighton in Support of Motion for Summary Judgment</u>, <u>Docket No. 53</u>, at ¶1 ("This Declaration supplements my earlier 'Expert Witness Report of Dr. Donald Creighton,' which was submitted November 1, 2005," and "[i]t is in support of Defendant's Motion for Summary Judgment and specifically addresses issues of the validity of the '379 patent with regard to obviousness and/or anticipation.").

On November 10, 2005, Durfee was deposed. <u>Frederick Dec.</u>, <u>Docket No. 80</u>, Ex. A. At the deposition, the Plaintiffs' counsel precluded Durfee from addressing the Foster reference, and stated as follows:

> Counsel, I'm not going to permit the witness to discuss the patent, the Foster reference, in accordance with enforcing the Court's Order from yesterday and excluding that reference from this case.

Id. at p. 95, ll 21-25.

Subject to a stipulation, Creighton was deposed on November 28, 2005. At the deposition, the Plaintiffs' counsel chose not to address the subject of invalidity, stating as follows:

> And so I'm going to ask you about your noninfringement opinions as they appear in this report. We'll see what happens with the motion that is pending and we'll reserve our right to talk to you again about invalidity opinions if that comes to pass if we need to. Right now we are going to focus about the noninfringement opinions in Exhibit 94.

Id. at Ex. B, at p. 6, ll. 14-21.

On November 16, 2005, the Plaintiffs filed a Motion to exclude Creighton's expert report on invalidity as untimely, and also moved for reasonable expenses, attorneys fees, and sanctions, for having to bring the Motion -- alleging that Newmans' had "flagrantly violated this Court's Pretrial Order." See, Plaintiffs' Brief in Support of Motion to Exclude Defendant's Expert Opinion, Docket No.70, at 3. On December 1, 2005, Newmans' filed its response, and also filed a Motion to exclude Durfee's expert opinions on infringement, and on the validity of the '379 patent.

III. Discussion

A. The Plaintiffs' Motion to Exclude Creighton's Expert Opinion on Invalidity.

The Plaintiffs' primary contention is that Creighton's expert report is untimely, given that the deadline for an "initial" invalidity opinion expired on October 3, 2005 -- one month prior to the filing of Creighton's report on November 4, 2005. The Plaintiffs maintain that, by filing the expert report, Newmans' flagrantly violated this Court's Scheduling Order.

1. Standard of Review. Rule 16 "permits the district court * * * to impose sanctions on a party for failing to meet a deadline." Firefighter's Institute For Racial Equality v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000); North Star Mutual Insurance Co. v. Zurich Insurance Co., 269 F. Supp. 2d 1140, 1144 (D. Minn. 2003). In such a circumstance, Rule 16 is buttressed by the sanctions imposed by Rule 37(c)(1), Federal Rules of Civil Procedure, which requires exclusion of an expert's opinion if disclosures are not timely made.[2]

---

[2]Rule 37(c)(1) provides, in pertinent part, as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule
>
> (continued...)

However, as we have noted:

> "While sanctions under Rule 37(c)(1) are mandatory * * * exclusion of evidence should not apply if the offending party's failure was 'substantially justified,' or if the failure was 'harmless.'" Transclean Corp. v. Bridgewood Services, Inc., [77 F. Supp.2d 1045,] 1064 [(D. Minn. 1999)]. These exceptions to Rule 37(c)(1)'s imperative serve "to avoid unduly harsh penalties" that may result from an inflexible application of the Rule. Id., citing Rule 37(c), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1993 Amendments. In determining whether the automatic exclusion provisions of Rule 37(c)(1) should apply, the Court should consider the following four factors in assessing substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure: 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and, 4) the availability of a continuance to cure such prejudice. See, Transclean Corp. v. Bridgewood Services, Inc., supra at 1064, citing Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Millen v. Mayo Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996); see also, Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997).

<u>Transclean Corp. v. Bridgewood Servs., Inc.</u>, 101 F. Supp.2d 788, 795-96 (D. Minn. 2000).

---

[2](...continued)
  26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

While, under the governing law, we could exclude the opinions of the Defendant's experts as untimely -- which is the remedy the Plaintiffs ask us to impose -- we will not do so if "the failure to meet a deadline was either harmless or substantially justified." Firefighter's Institute For Racial Equality v. City of St. Louis, supra at 902.

        2.      Legal Analysis. Here, we find that Creighton's expert report, which asserts that the '379 patent is invalid, should be excluded as untimely. Newmans' explicitly stated, on October 3, 2005, that it would not offer expert opinion evidence on the subject of anticipation, when the initial expert disclosures were due. See, Newmans' Memorandum in Support of Summary Judgment, at 10 ("Because the subject matter of the '379 patent can be easily understood, it is Newmans's position that there is no need for expert testimony in regard to the anticipation analysis."). As the initial expert report on invalidity was due on October 3, 2005, and since Creighton's "supplemental" expert report was not filed until November 4, 2005, it is unquestionably late. Unless Newmans' can offer a sufficient justification for its untimely filing, the expert report must be excluded.

            a.      The Importance of the Potentially Excluded Material. Creighton's report analyzes the '379 patent in comparison to the Foster reference individually, in

regard to anticipation, and in combination with U.S. Patent No. 2,832,486 ("the Clark patent"), in regard to obviousness. We have already ruled, however, that the Foster reference could not be added to Newmans' Prior Art Statement, and that the reference should be excluded, and that Order was adopted by the District Court. Since the Foster reference is excluded from the relevant prior art, the opinion of Creighton, as to anticipation, and to the obviousness of the '379 Patent, is legally irrelevant. Therefore, this factor weighs in favor of excluding Creighton's report.

      b.    <u>Explanation of the Untimely Filing</u>. Newmans' primary defense is phrased as follows:

> Because Plaintiffs improperly served "rebuttal" opinions in the absence of "initial" opinions, [citations omitted] and given the chance that Durfee's opinions might be considered by the Court, Newmans was forced to respond in some manner.

See, <u>Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Defendant's Expert Opinion on Invalidity</u>, <u>Docket No. 79</u>, at 3.

It should be noted, however, that Newmans' did not seek leave of the Court prior to filing the report of Creighton, nor did it seek to strike the "offending" rebuttal opinion of Durfee, until after Newmans' had filed its response to the Plaintiffs' Motion to Strike.

- 9 -

As noted, Newmans' chose not to offer expert opinion on invalidity on October 3, 2005. Apparently, after the "discovery" of the Foster reference, and after the applicable deadline, Newmans' apparently decided to address the invalidity of the '379 patent by means of the Foster reference. As our Court of Appeals has explained, however:

> It is risky for a [party bearing the burden of proof] to sit back and wait to see what a defense expert might say before seeking an expert report. If [the party bearing the burden of proof] had a legitimate need to await [the other party's] report before producing the evidence necessary to meet his burden of proof, then his proper course of action would have been to seek an extension of the deadline. His failure to comply with the deadline was not substantially justified, and it cannot be said that it was harmless. [The other party] had prepared its summary judgment motion at least partially premised on the lack of expert opinion to support [the party bearing proof's] claims.

Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998).

Therefore, this factor also weighs in favor of excluding Creighton's report.

   c. <u>The Prejudice of Allowing the Use of Material At Trial</u>. Newmans' emphasizes that the Plaintiffs had an opportunity to address Creighton's invalidity report, when Creighton was deposed, but elected not to do so. However, this argument overlooks the fact that we excluded the Foster reference from the case, and it would be plainly prejudicial to the Plaintiffs to allow the entry of that reference

by the "back door." Therefore, following the guidance of Trost, this factor also favors the exclusion of Creighton's expert report.

        d.    Availability of Continuance. Both sides argue against a continuance, because of the additional costs of expert discovery, and the oncoming conclusion of the Pretrial Motion practice. Moreover, a continuance would not advance any interest, as the Foster reference, upon which Creighton's report is predicated, has been excluded from this case.

Newmans' argues, in the alternative, that Creighton's testimony should be treated as the lay opinion of "one holding skill in the art" so as to testify to the factual considerations presented by this case. However, the very declaration that Newmans' seeks to assert explicitly states that it is a "supplemental" report to Creighton's initial expert report. We find that Newmans' contention, that Creighton's opinion is "lay opinion," is disingenuous, at best.

Therefore, for all of the foregoing reasons, we grant the Plaintiffs' Motion to exclude the opinion of Creighton in regards to the invalidity arguments premised on the Foster reference.[3]

---

[3]In addition, the Plaintiffs request that Newmans' reimburse them for the attorneys' fees, and reasonable costs, in bringing this Motion. However, given the
(continued...)

B.     The Defendant's Motion to Exclude Durfee's Opinions.

1.     Expert Opinion on Infringement.  Newmans maintains that Durfee's expert opinion on infringement "is in the form of another Claim Chart, but which substantially amends and supplements Plaintiffs' original Claim Chart."  See, Memorandum of Law in Support of Defendant's Motion to Exclude Dr. Durfee's Opinions on Non-Daubert Grounds, Docket No.76, at 2.  As we have noted, our Pretrial Order previously established the guidelines for granting a party leave to amend, or supplement, a Claims Chart.

The Plaintiffs' Claims Chart, and Durfee's analysis of infringement, are strikingly similar.  Compare, Plaintiff's Claim Chart, Frederick Dec., Docket No. 77, Ex. A, with Expert Report of Durfee on Infringement, Frederick Dec., Ex. C, at 5-8.  Newmans' contends that Claims Charts serve the purpose of "avoiding the 'shifting sands' approach to claim construction," and force the parties to rely on those theories.  See, Ultratech, Inc. v. Tamarak Scientific Co., 2005 WL 856408 at *2 (N.D. Cal. 2005).  Newmans' argues that Durfee's expert opinion is a disguised amendment of

---

³(...continued)
uncertainty concerning the admissibility of the Foster reference, at the time Creighton's report was offered, we find that a sanction of fees and costs is not warranted.  We further find that the exclusion of Creighton's expert report is a sufficient sanction under the circumstances.

the Plaintiffs' theories as to what constitutes a "ramp surface," and a "lower portion," with respect to the '379 patent.

Specifically, in their Claims Chart of June 15, 2005, the Plaintiffs stated that surface (F) was a "ramp surface," and that it was "disposed between the upped edge of the deck edge protecting surface (G) and the lower longitudinal edge (H)." See, Frederick Dec., Ex. A, at 1. The Claims Chart also included language that structure (H), in the accused product, was a "lower longitudinal edge." Id.

Durfee opined that surface (F) was a "ramp surface" and that Newmans' product has a "lower portion" with a "longitudinal edge." See, Frederick Dec., Ex. C, at 5-6. In Newmans' Claim Chart, Newmans' had argued that (F) was not a "ramp surface," and that its product did not have a "lower longitudinal edge," as defined by the Plaintiffs.

The Plaintiffs contend that their Claims Chart of June 15, 2005, has not been altered, and that Durfee's expert opinion on infringement is "completely consistent" with the Claims Chart. The Plaintiffs note that the interpretations of "ramp surface," and "lower portion," involve issues of claim construction, which cannot be determined at this time, and will ultimately be resolved at the Markman Hearing. See, Floe's Opposition to Newmans' Motion to Exclude Dr. Durfee's Opinions on Non-Daubert

Grounds, Docket No. 82, at 5-6. The Plaintiffs also argue that Newmans' own expert on non-infringement makes similar arguments that "contradict" Newmans' Claim Chart.

While Durfee's opinion is in the "format" of a Claim Chart, such a presentation should not be problematic. The differences, if any, between the Claims Chart of June 15, 2005, and Durfee's expert opinion, which is offered to aid in claim construction, can be resolved at a Markman Hearing, and accordingly, will not be construed as an attempt to change, or amend, the Claim Chart at this time. Therefore, we deny the Motion to exclude Durfee's opinion as to infringement, as premature, in view of the pending Markman Hearing, and which is currently scheduled for April 20, 2006.

   2.   Expert Opinion on the Validity of the '379 Patent. Our initial Pretrial Order read, in part, as follows:

> On or before September 1, 2005, the parties shall exchange initial expert reports. The initial expert reports from each party shall deal with the issues on **which that party has the burden of proof**. On or before October 1, 2005, the parties shall exchange rebuttal expert reports.

Order, Docket No. 14, at ¶6 (emphasis added).

Our Order of August 24, 2005, extended the deadlines for each of the expert disclosures by one (1) month, without further elaboration upon the subject matter of the expert reports.

Newmans' maintains that the November 1, 2005, "rebuttal" expert report on invalidity, by Durfee, was improperly submitted, as there was no "initial" expert report to rebut, citing 3M Innovative Properties Co. v. Barton Nelson, Inc., 2004 WL 1774528 at *5 (D. Minn., August 8, 2004).  Barton Nelson states as follows:

> On October 17, 200[3], 3M submitted "Rebuttal Expert Reports" of Dr. Payne and Dr. Anderson. However, as noted above, neither party made expert disclosures by September 5, 2003, as required by the scheduling order. Therefore, absent any initial expert report to rebut, these reports must be excluded. Barton Nelson's Motion is granted on this point.

Id.[4]

However, as the Plaintiff underscores, the applicable Scheduling Order in that case did not specify which reports were to be initially submitted, that is, whether the initial expert report had to have been provided by the party which bore the burden of proof. See, Floe's Opposition to Newmans' Motion to Exclude Dr. Durfee's Opinions on

---

[4] The quoted language specifies that the reports were submitted in 2004. However, the Opinion earlier recites that the reports were submitted in 2003.  We presume that the "2004" date in the quotation is a typographical error.

Non-Daubert Grounds, Docket No. 82, at 10; Declaration of Timothy E. Grimsrud in Support of FLOE's Opposition to Newmans' Motion to Exclude, Ex. B, at 4. Instead, in Barton Nelson, **all** of the initial expert reports were to be submitted on September 5, 2003, and there was no scheduling provision that addressed the party's obligation to address those issues on which it bore the burden of proof. See, Scheduling Order, 3M Innovative Properties Co. v. Barton Nelson, Inc., Declaration of Timothy E. Grimsrud in Support of FLOE's Opposition to Newmans' Motion to Exclude, Ex. B.

Here, the Plaintiffs argue that Newmans' was the party which bore the burden of proving invalidity. See, e.g., Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co., 308 F.3d 1167, 1187 (Fed. Cir. 2002)("Consequently, a party seeking a judgment that a patent is obvious bears the burden of demonstrating by clear and convincing evidence that the teachings of the prior art would have suggested the claimed subject matter to one of ordinary skill in the art"), citing Brown & Williamson Tobacco Corp. v. Philip Morris Inc., 229 F.3d 1120, 1124 (Fed. Cir. 2000). Newmans' chose not to file an expert report which addressed invalidity, stating that "the subject matter can be easily understood." The Plaintiffs were not made aware of Newmans' invalidity argument, and corresponding failure to provide an "initial" expert report on invalidity, until after having received the filings in support of the

Summary Judgment Motions. Therefore, the Plaintiffs' "rebuttal" expert report, which was timely filed, is appropriately denominated. When the expert report disclosure deadlines are staggered, such that the party bearing the burden of proof is afforded the opportunity to provide an initial expert report, the party which does not bear the burden of proof can still submit an expert report in "rebuttal," even in the absence of an initial report produced by the party which bears the burden of proof, so long as it is within the established time frame set by the Scheduling Order. To hold otherwise would prevent a party from presenting an expert to respond to any argument -- not necessarily one that is predicated on expert opinion -- which the party that bears the burden of proof should make. While the party carrying the burden on an issue may not want to present expert opinion evidence on that issue, the opposing party should not be denied the opportunity to present expert opinion evidence on the same issue, simply because the party carrying the burden chose not to. Accordingly, we deny the Defendant's Motion to Exclude Durfee's opinion on the validity of the '379 Patent.

NOW, THEREFORE, It is –

ORDERED:

1. That the Plaintiffs' Motion to Exclude the Defendant's Untimely Expert Opinion [Docket No. 68] is GRANTED.

2. That the Defendant's Motion to Exclude Dr. Durfee's Opinions on Non-Daubert Grounds [Docket No. 74] is DENIED.

BY THE COURT:

Dated:  February 23, 2006        s/

Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE