### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| FLOE International, Inc. and Wayne G. Floe, | Civil No. 04-5120 (DWF/RLE) |
| Plaintiffs, | |
| v. | **ORDER** |
| Newmans' Manufacturing Incorporated, | |
| Defendant. | |

---

Chad Drown, Esq., David J. F. Gross, Esq., James W. Poradek, Esq., Lee M. Pulji, Esq., and Timothy E. Grimsrud, Esq., Faegre & Benson LLP, counsel for Plaintiffs.

Douglas J. Frederick, Esq., Max C. Ramsey, Esq., and Patrick J. Sauter, Esq., Rider Bennett LLP, counsel for Defendant.

---

The above entitled matter came on before the Court on a jury trial for claims of patent infringement. During the jury trial, the Court entered Judgment as a Matter of Law on Infringement, finding that Defendant infringed claims 1, 6, and 11 of United States Patent Number 5,738,379 (the "'379 Patent"). On July 20, 2006, the jury returned a special verdict, finding that the '379 Patent was not invalid. The jury found that $21 per trailer was a reasonable royalty rate and awarded Plaintiffs $643,881 in damages, based on sales through May 2006. Finally, the jury found that Defendant willfully infringed the '379 Patent.

On August 23, 2006, the Court granted Plaintiffs' Motion for Enhanced Damages, Attorneys' Fees, Costs, Prejudgment Interest, Accounting of Infringing Units, and Permanent Injunction.  The Court's August 23, 2006 Order required various actions by the parties.  The parties have complied with all requirements of the August 23, 2006 Order.  First, the parties submitted a joint letter agreeing to the terms and effective date of an injunction.  Second, Plaintiffs submitted their billing records and a bill of costs to the Court, to which Defendant did not file any objections.  Third, Defendant provided an accounting of units sold between June 2006 and September 15, 2006—the agreed effective date of the injunction.  Defendant sold an additional 632 infringing units between June 2006 and September 15, 2006, which equals $13,272 in additional damages.  Finally, based on the additional 632 units sold between June 2006 and September 15, 2006, Plaintiffs have calculated the damages and prejudgment interest to which they are entitled.  Based on the accounting, Plaintiffs are entitled to $657,153 ($643,881 + $13,272) in damages, which shall be doubled based on the Court's August 23, 2006 Order.

Therefore, based on the Court's Judgment as a Matter of Law of Infringement and the Jury Verdict received on July 20, 2006, and all other records and proceedings herein, the Court hereby **ORDERS** that:

1.  Judgment of willful infringement and validity of claims 1, 6, and 11 of United States Patent Number 5,738,379 and judgment of enforceability of United States

Patent Number 5,738,379 is entered in favor of Plaintiffs FLOE International, Inc. and Wayne G. Floe and against Defendant Newmans' Manufacturing Incorporated.

2. Plaintiffs are awarded damages in the amount of $657,153 and enhanced damages in the amount of $657,153 (or double the base damages award) for a total damage award in the amount of $1,314,306.  Plaintiffs are awarded prejudgment interest on their base damages ($657,153) in the amount of $112,920.  Therefore, Defendant Newmans' Manufacturing Incorporated shall pay Plaintiffs FLOE International, Inc. and Wayne G. Floe the sum of $1,427,226 in total damages and prejudgment interest.

3. Plaintiffs are awarded reasonable attorney fees in the amount of $475,000.  Therefore, Defendant Newmans' Manufacturing Incorporated shall pay Plaintiffs FLOE International, Inc. and Wayne G. Floe the sum of $475,000 in reasonable attorney fees.

4. Plaintiffs are awarded costs in the amount of $10,327.96, consistent with the Clerk of Court's Cost Judgment, dated September 19, 2006.  Newmans has not filed any objections to the Cost Judgment, and the Court approves that judgment.  Therefore, Defendant Newmans' Manufacturing Incorporated shall pay Plaintiffs FLOE International, Inc. and Wayne G. Floe the sum of $10,327.96 in costs.

5. Newmans' Manufacturing Incorporated and its officers, agents, servants and employees, and all persons in active concert or participation with any of them, are ENJOINED from making, using, offering for sale, or selling within the United States, or importing into the United States, SLED BED™ trailers that have been adjudged to

infringe claims 1, 6, and 11 of United States Patent Number 5,738,379 and any device no more than colorably different from the SLED BED™ trailers.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 4, 2006             s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court